**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG DIVISION**

```
                                    ┌─────────────────────────┐
                                    │         FILED           │
JOSEPH NOLAN,                       │      MAR 2 0 2008        │
ERIC WOOMER,                        │   U.S. DISTRICT COURT    │
CARLA COBLE,                        │  MARTINSBURG, WV 25401   │
STEPHANIE LAING,                    └─────────────────────────┘
```

       **Individually and as**
       **Class Representatives,**

vs.                             CASE NO. _3:08CV62_

**RELIANT EQUITY INVESTORS, LLC,**
**a foreign limited liability company,**
**AB&C GROUP, INC., a foreign corporation,**
**and BLUESKY BRAND, INC., a foreign**
**corporation,**

       **Defendants.**

## COMPLAINT

1.     This is a class action on behalf of the plaintiffs and all other persons similarly situated as employees who suffered a plant closing without warning at the hands of Reliant Equity Investors, LLC (Reliant), AB&C Group, Inc., (AB&C), and BlueSky Brand, Inc., (BlueSky) while employed at the defendants' facilities in Jefferson and Berkeley Counties West Virginia.  The surprise plant closing violated the Worker Adjustment and Retraining Notification Act (the "WARN Act"), found in the United States Code at Title 29, Chapter 23, Sections 2101 through 2109.

### Jurisdiction

2.     This Court's jurisdiction exists because the Plaintiff class alleges violation of a federal statute.  28 U.S.C. § 1331 (2004).

3.      Moreover, the WARN Act specifically provides that the Plaintiffs may sue "in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business." 29 U.S.C. § 2104(a)(5).

## Venue

4.      The facility closures at issue and which violated the WARN Act occurred in Berkeley and Jefferson Counties, in the Northern District of West Virginia.  29 U.S.C. § 2104(a)(5); 28 U.S.C. § 1391(b).

5.      Venue is proper in the United States District Court for the Northern District of West Virginia.

## Facts

6.      The named Plaintiffs were statutory "employees" of each of the Defendants within the meaning of the WARN Act 29 U.S.C. § 2101, and, on or about March 14, 2008, learned of their termination when they reported for work as scheduled.

7.      Defendant AB&C is an "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101.

8.      Defendant AB&C is wholly owned by BlueSky Brands, Inc., (BlueSky) a Delaware corporation with its principal place of business in Rhode Island, and which was established by, and is directed and managed by, Reliant (an Illinois limited liability company).  BlueSky was established by Reliant to seek out and acquire multi-channel, direct to consumer marketing companies, and did purchase AB&C by, on behalf of, and for the benefit of, the principals and managers of Reliant.  BlueSky is an "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101 and together with the other defendants is the *de facto* employer having exercised operational, managerial and

financial control over the business enterprise here in Jefferson and Berkeley Counties,
West Virginia

      9.      Upon information and belief Defendant Reliant is a limited liability
company with its principal place of business is in Chicago, Illinois.  Reliant is an
"employer" within the meaning of the WARN Act, 29 U.S.C. § 2101 and together with
other the other defendants is the *de facto* employer having exercised operational,
managerial and financial control over the business enterprise here in Jefferson and
Berkeley Counties, West Virginia.

      10.     Carr Preston is the Vice President and a Director of defendant BlueSky,
and is the co-founder and Managing Director of defendant Reliant.  In these dual
capacities, Carr Preston participated in the resolution, and did decide and/or ratify, to
close AB&C facilities without warning and, further, did participate as a Managing
Director of Reliant in the financial, managerial and operational control of the business
enterprise here in Jefferson and Berkeley Counties, West Virginia.

      11.     Thomas Darden, Jr., is a Director of defendant BlueSky, and is the co-
founder and Managing Director of defendant Reliant.  In these dual capacities, Thomas
Darden, Jr., participated in the resolution, and did decide and/or ratify the decision, to
close AB&C without warning and, further, did participate as a Managing Director of
Reliant in the financial, managerial and operational control of the business enterprise here
in Jefferson and Berkeley Counties, West Virginia.

      12.     Defendant Qian Elmore is a Director of BlueSky, and is a principal of
Reliant.  In these dual capacities, defendant Qian Elmore participated in the resolution,
and did decide and/or ratify the decision, to close AB&C without warning and, further,

did participate as a Principal of Reliant in the financial, managerial and operational control of the business enterprise here in Jefferson and Berkeley Counties, West Virginia.

13.     Robert Pulciani is the Chief Executive Officer of defendant BlueSky who participated in the resolution, and did decide and/or ratify the decision, to close AB&C without warning and, further, did participate on behalf of, and/or jointly with, Reliant and BlueSky in the financial, managerial and operational control of the business enterprise here in Jefferson and Berkeley Counties, West Virginia.

14.     Philip Wax is the Chief Financial Officer, Secretary and Treasurer of BlueSky, and is the Chief Financial Officer and Treasurer of AB&C who on behalf of Reliant participated in the resolution, and did decide and/or ratify the decision, to close AB&C without warning and, further, did participate on behalf of, and/or jointly with, Reliant and BlueSky in the financial, managerial and operational control of the business enterprise here in Jefferson and Berkeley Counties, West Virginia.

15.     The closing of the AB&C facilities in Jefferson and Berkeley Counties constitutes a "plant closing" within the meaning of the WARN Act.  29 U.S.C. § 2101(a)(2).

16.     The facilities' closing was not caused by unforeseeable business circumstances within the meaning of 29 U.S.C § 2102(b)(2).

17.     The facilities' closing was not a result of the completion of a particular project within the meaning of 29 U.S.C. § 2103(a).

18.     The facilities' closing was not preceded by a mailing of notice within the meaning of 29 U.S.C. § 2102(b).

## Class Allegations

19.     This action is brought by the named Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of Rule 23(a), 23(b)(1)(B) or 23(b)(3) of the Federal Rules of Civil Procedure seeking damages, costs and attorney fees for violation of the WARN Act.

20.     The class represented by the Plaintiffs in this action, and of which the Plaintiffs are themselves members, consists of all persons who worked at the defendants' facilities in Jefferson and Berkeley Counties, West Virginia.

21.     The class consists of more than 375 people who were employed at both facilities during the relevant time period.  The number of class members is so numerous that joinder of individual members is impractical compared to proceeding as a class action.

22.     There exist questions of law and fact in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class.

23.     In particular, the claims of the representative Plaintiffs are typical of the claims of all class members because the representative Plaintiffs allege that each Defendant failed to follow the dictates of the WARN Act and provide the Plaintiff class with sixty (60) days' notice of a plant closing and, therefore, each Defendant owes the representative Plaintiffs, and each member of the Plaintiff class, as damages, sixty days' pay and benefits.

24.     Moreover, the WARN Act, itself, at 29 U.S.C. § 2104(a)(5), encourages the use of the class action as an efficient means of handling WARN Act cases.

25.     The attorneys for the representative Plaintiffs are experienced and capable in the trial of cases, and in the prosecution of legal claims.

26.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.  FRCP 23(b)(1)(B).

27.     This action is also properly maintained as a class action because the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  FRCP 23(b)(3).

28.     In particular, for all members of the class to recover damages, the representative Plaintiffs need only prove that the plant closing by one or more of the Defendants resulted in a "permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment, which shutdown results in an employment loss at the single site of employment during any 30 day period for 50 or more employees excluding any part time employees.

29.     Common liability issues, which are fairly straightforward, therefore predominate in this case and will quickly determine the outcome.

30.     Common, easily ascertainable damages are also attainable for all members of the Plaintiff class.

WHEREFORE, Plaintiffs pray, for themselves and for all other members of the class as follows:  (1) the rights of the respective class members to monetary damages under the WARN Act be adjudicated and declared; (2) the Plaintiffs' be awarded all damages available under the WARN Act; (3) the Plaintiffs be awarded their attorneys' fees and costs, as provided in the WARN Act; (4) the Plaintiffs be granted such other relief as the Court may deem appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

By Counsel

Dated this the 20th day of March, 2008.

David M. Hammer, Esq., #5047
        dhammer@hfslawyers.com
Robert J. Schiavoni, Esq., #4365
        rschiavoni@hfslawyers.com
HAMMER, FERRETTI & SCHIAVONI
408 West King Street
Martinsburg, WV  25401
(304) 264-8505


_____/s/_____
Garry G. Geffert, Esq., #1364
        geffert@wvdsl.net
P. O. Box 2281
Martinsburg, WV  25402
(304) 262-4436

Counsel for the Plaintiffs and Plaintiff Class