IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

JOSEPH NOLAN,
ERIC WOOMER,
CARLA COBLE,
STEPHANIE LAING,
POPPY CHRISMAN

   Individually and as
   Class Representatives,

vs.           CASE NO. 3:08CV62

RELIANT EQUITY INVESTORS, LLC,
a foreign limited liability company,
TATUM, LLC, a foreign limited liability company,
AB&C GROUP, INC., a foreign corporation,
and BLUESKY BRAND, INC., a foreign
corporation, and the following individuals:
RICHARD HEBERT
CATHY JO VAN PELT,
KIMBERLY MYERS,
MICHAEL LUTZ, and
LARRY MUZZY,

   Defendants.

## AMENDED COMPLAINT

1. This is a class action on behalf of the plaintiffs and all other persons similarly situated as employees who suffered a plant closing without warning at the hands of Reliant Equity Investors, LLC (Reliant), Tatum, LLC, AB&C Group, Inc., (AB&C), and BlueSky Brand, Inc., (BlueSky) while employed at the defendants' facilities in Jefferson and Berkeley Counties, West Virginia and in Orange County, Virginia. The surprise plant closing violated the Worker Adjustment and Retraining Notification Act

ABC000007001

(the "WARN Act"), found in the United States Code at Title 29, Chapter 23, Sections 2101 through 2109.

### Jurisdiction

2. This Court's jurisdiction exists because the Plaintiff class alleges violation of a federal statute. 28 U.S.C. § 1331 (2004).

3. Moreover, the WARN Act specifically provides that the Plaintiffs may sue "in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business." 29 U.S.C. § 2104(a)(5).

### Venue

4. The facility closures at issue and which violated the WARN Act occurred in Berkeley and Jefferson Counties, in the Northern District of West Virginia and in an integrated facility in Orange County, Virginia. 29 U.S.C. § 2104(a)(5); 28 U.S.C. § 1391(b).

5. Venue is proper in the United States District Court for the Northern District of West Virginia.

### Count I

6. The named Plaintiffs were statutory "employees" of each of the Defendants within the meaning of the WARN Act 29 U.S.C. § 2101, and, on or about March 14, 2008, learned of their termination when they reported for work as scheduled.

7. Defendant AB&C is an "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101.

8. Defendant AB&C is wholly owned by BlueSky Brands, Inc., (BlueSky) a Delaware corporation with its principal place of business in Rhode Island, and which was

ABC000007002

established by, and is directed and managed by, Reliant (an Illinois limited liability company) and by Tatum, LLC (a Georgia limited liability company). BlueSky was established by Reliant, and with the assistance of Tatum, to seek out and acquire multi-channel, direct to consumer marketing companies, and did purchase AB&C by, on behalf of, and for the benefit of, the principals and managers of Reliant. BlueSky is an "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101 and together with the other defendants is the *de facto* employer having exercised operational, managerial and financial control over the business enterprise here in Jefferson and Berkeley Counties, West Virginia, and the fully operationally integrated facility in Orange County, Virginia.

  9. Upon information and belief Defendant Reliant is a limited liability company with its principal place of business in Chicago, Illinois. Reliant is an "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101 and together with the other defendants is the *de facto* employer having exercised operational, managerial and financial control over the business enterprise here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

  10. Defendant Tatum is a limited liability company with its principal place of business in Atlanta, Georgia but which maintains offices in 37 states. Defendant Tatum is an "executive services firm" which provided executive, operational, financial and technological services to Reliant and BlueSky and AB&C, and which identified AB&C Group as the "acquisition candidate" for purchase by Reliant and BlueSky and further arranged the acquisition financing for the purchase of AB&C Group.

11.     Tatum entered into a long term partnership with Reliant, BlueSky and AB&C providing as a part of that partnership full time support as an integral member of the senior management team for AB&C and BlueSky, including day to day operational management duties.  Tatum is an "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101 and together with the other defendants is the *de facto* employer having exercised operational, managerial and financial control over the business enterprise here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

12.     Carr Preston is the Vice President and a Director of defendant BlueSky, and is the co-founder and Managing Director of defendant Reliant.  In these dual capacities, Carr Preston participated in the resolution, and did decide and/or ratify, to close AB&C facilities without warning and, further, did participate as a Managing Director of Reliant in the financial, managerial and operational control of the business enterprise here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

13.     Thomas Darden, Jr., is a Director of defendant BlueSky, and is the co-founder and Managing Director of defendant Reliant.  In these dual capacities, Thomas Darden, Jr., participated in the resolution, and did decide and/or ratify the decision, to close AB&C without warning and, further, did participate as a Managing Director of Reliant in the financial, managerial and operational control of the business enterprise here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

14. Qian Elmore is a Director of BlueSky, and is a principal of Reliant. In these dual capacities, defendant Qian Elmore participated in the resolution, and did decide and/or ratify the decision, to close AB&C without warning and, further, did participate as a Principal of Reliant in the financial, managerial and operational control of the business enterprise here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

15. Robert Pulciani is the Chief Executive Officer of defendant BlueSky who participated in the resolution, and did decide and/or ratify the decision, to close AB&C without warning and, further, did participate on behalf of, and/or jointly with, Reliant and BlueSky in the financial, managerial and operational control of the business enterprise here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

16. Philip Wax is the Chief Financial Officer, Secretary and Treasurer of BlueSky, and is the Chief Financial Officer and Treasurer of AB&C, and a partner at Tatum, who on behalf of Reliant and Tatum participated in the resolution, and did decide and/or ratify the decision and/or managed the enterprise to the point of an inevitable decision to close AB&C without warning and, further, did participate on behalf of, and/or jointly with, Reliant, Tatum and BlueSky in the financial, managerial and operational control of the business enterprise here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

17. The closing of the AB&C facilities in Jefferson and Berkeley Counties and the fully operationally integrated facility in Orange County, Virginia constitutes a "plant closing" within the meaning of the WARN Act. 29 U.S.C. § 2101(a)(2).

18. The facilities' closing was not caused by unforeseeable business circumstances within the meaning of 29 U.S.C § 2102(b)(2).

19. The facilities' closing was not a result of the completion of a particular project within the meaning of 29 U.S.C. § 2103(a).

20. The facilities' closing was not preceded by a mailing of notice within the meaning of 29 U.S.C. § 2102(b).

### Class Allegations under WARN

21. This action is brought by the named Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of Rule 23(a), 23(b)(1)(B) or 23(b)(3) of the Federal Rules of Civil Procedure seeking damages, costs and attorney fees for violation of the WARN Act.

22. The class represented by the Plaintiffs in this action, and of which the Plaintiffs are themselves members, consists of all persons who worked at the defendants' facilities in Jefferson and Berkeley Counties, West Virginia and at the Orange County, Virginia facility.

23. The class consists of more than 375 people who were employed at the three facilities during the relevant time period. The number of class members is so numerous that joinder of individual members is impractical compared to proceeding as a class action.

24. There exist questions of law and fact in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class.

ABC000007006

25. In particular, the claims of the representative Plaintiffs are typical of the claims of all class members because the representative Plaintiffs allege that each Defendant failed to follow the dictates of the WARN Act and provide the Plaintiff class with sixty (60) days' notice of a plant closing and, therefore, each Defendant owes the representative Plaintiffs, and each member of the Plaintiff class, as damages, sixty days' pay and benefits.

26. Moreover, the WARN Act, itself, at 29 U.S.C. § 2104(a)(5), encourages the use of the class action as an efficient means of handling WARN Act cases.

27. The attorneys for the representative Plaintiffs are experienced and capable in the trial of cases, and in the prosecution of legal claims.

28. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests. FRCP 23(b)(1)(B).

29. This action is also properly maintained as a class action because the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. FRCP 23(b)(3).

30. In particular, for all members of the class to recover damages, the representative Plaintiffs need only prove that the plant closing by one or more of the

Defendants resulted in a "permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment, which shutdown results in an employment loss at the single site of employment during any 30 day period for 50 or more employees excluding any part time employees.

31. Common liability issues, which are fairly straightforward, therefore predominate in this case and will quickly determine the outcome.

32. Common, easily ascertainable damages are also attainable for all members of the Plaintiff class.

## Count II

33. Plaintiffs incorporate by reference the above allegations as if fully stated herein.

34. Defendant Richard Hebert was the Chief Executive Officer and President and a Director of Bluesky, and Chairman of the Board of Directors of AB&C and did exercise control over the operations of the AB&C facilities in here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

35. Defendant Michael Lutz was the Executive Vice-President of Operations of AB&C and/or the Chief Executive Officer of AB&C and did exercise control over the operations of the AB&C facilities in here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia and did exercise control over the operations of the AB&C facilities in here in Jefferson and

Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

36. Defendant Kimberly Myers is the Director of Human Resources of AB&C and did exercise control over the operations of the AB&C facilities in here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia and did exercise control over the operations of the AB&C facilities in here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

37. Defendant Cathy Jo Van Pelt is the Director of Client Services of AB&C and did exercise control over the operations of the AB&C facilities in here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia and did exercise control over the operations of the AB&C facilities in here in Jefferson and Berkeley Counties, West Virginia and the fully operationally integrated facility in Orange County, Virginia.

38. Defendant Larry Muzzy was the Vice President of AB&C Call Center Operations and oversaw a group of three call centers in training, attendance, staffing, monitoring, supervision and management here in Jefferson and Berkeley Counties, West Virginia and did knowingly permit by virtue of his positions of authority and control violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201, *et seq*.

39. Defendants Reliant, Tatum, BlueSky, and AB&C acting jointly, severally and in concert as an enterprise are statutory employers under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201, *et seq*.

ABC000007009

40. Defendants jointly and/or severally and as an enterprise failed to pay employees, and maintained a practice of failing to pay employees, at the statutory overtime rate for time worked over forty hours in a week and said employee were permitted, required, and did suffer, to work for and on behalf of defendants by working off the clock in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

41. Pursuant to 29 U.S.C. § 216(b) plaintiffs proceed on behalf of themselves and other similarly situated employees.

WHEREFORE, Plaintiffs pray, for themselves and for all other members of the class as follows: (1) the rights of the respective class members to monetary damages under the WARN Act and the FLSA be adjudicated and declared; (2) the Plaintiffs be awarded all damages available under the WARN Act and the FLSA; (3) the Plaintiffs be awarded their attorneys' fees and costs, as provided in the WARN Act and the FLSA; (4) the Plaintiffs be granted such other relief as the Court may deem appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

ABC000007010

By Counsel

Dated this the 28th day of March, 2008.

*(signature)*
David M. Hammer, Esq., #5047
 dhammer@hfslawyers.com
Robert J. Schiavoni, Esq., #4365
 rschiavoni@hfslawyers.com
HAMMER, FERRETTI & SCHIAVONI
408 West King Street
Martinsburg, WV 25401
(304) 264-8505


_____/s/_____
Garry G. Geffert, Esq., #1364
 geffert@wvdsl.net
P. O. Box 2281
Martinsburg, WV 25402
(304) 262-4436

Counsel for the Plaintiffs and Plaintiff Class

ABC000007011