UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

| | | |
|---|---|---|
| JOSEPH NOLAN, ERIC WOOMER, CARLA COBLE, STEPHANIE LAING, POPPY CHRISMAN, | ) ) ) ) | Honorable John Preston Bailey (Magistrate David J. Joel) |
| Individually and as Class Representatives, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 3:08-CV-62 |
| RELIANT EQUITY INVESTORS, LLC, a foreign limited liability company, et al., | ) ) ) | |
| Defendants. | ) ) | |

## FINAL ORDER APPROVING SETTLEMENT STIPULATION AND JUDGMENT OF DISMISSAL

This matter coming before the Court for entry of the Final Order Approving Settlement Stipulation and Judgment of Dismissal (the "Final Judgment"), the Court finding that due notice of the proposed Settlement Stipulation has been given and the Class Members[1] have been afforded a full and fair opportunity to make any objections to the Settlement Stipulation, the Court having reviewed the motions, pleadings, and all submissions with respect to the Settlement Stipulation, the Court having held the Fairness Hearing in open Court on June 27, 2011 regarding the Settlement Stipulation and all submissions related thereto, and the Court otherwise having fully been fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court finds that the Class Notice was provided to the Class Members in accordance with the terms of the Settlement Stipulation attached to *Plaintiffs' Motion for Preliminary Approval of Class Action Settlement* [Doc. 163] and as approved by this

---

[1] Any capitalized words not otherwise defined herein shall have the meanings ascribed to them in the Settlement Stipulation.

Court in *Order Preliminarily Approving Settlement Stipulation* [Doc. 164] entered on December 23, 2010 (the "Preliminary Approval Order"), that the Class Notice fully and accurately informed the Class Members of all material elements of the Settlement Stipulation and their legal rights thereunder and that the Class Notice constituted the best notice practicable under the circumstances and complied fully with Rule 23 of the Federal Rules of Civil Procedure, section 216(b) of the FLSA, Rule 23 of the West Virginia Rules of Civil Procedure and the United States Constitution;

2. The Court finds that, after proper notice to the Class Members with sufficient opportunity to object to the Settlement Stipulation, there were no objections filed, timely or otherwise, to the Settlement Stipulation;

3. The Court finds that proper notice of the Settlement Stipulation and all related documents and pleadings has been duly provided to the Internal Revenue Service and all other relevant taxing authorities [Doc. 167], and that no objections, timely or otherwise, to the tax treatment in the Settlement Stipulation have been received;

4. The Court finds that the Settlement Stipulation is fair, adequate and reasonable, and that it is in the best interests of all Plaintiffs, including the Class Members, and is hereby approved;

5. The Parties are hereby ordered to perform as required under the terms of the Settlement Stipulation;

6. The Court finds that all distributions to the WARN Act Class pursuant to the Settlement Stipulation constitute damages and not wages and are not subject to payroll tax withholding or employer tax liability;

7. The Court finds that all distributions to the FLSA Class pursuant to the Settlement Stipulation, allocated as 50% wages and 50% liquidated damages, are fair, reasonable and adequate under the circumstances;

8. The Court finds that all distributions to the WPCA Class pursuant to the Settlement Stipulation, allocated as 25% wages and 75% liquidated damages, are fair, reasonable and adequate under the circumstances;

9. The Court finds that the Attorney Fee Award totaling $400,000 is fair, reasonable and adequate under the circumstances and is in full satisfaction of the Plaintiffs' and Class Members' claims for attorneys fees, expenses and costs;

10. The Court finds that the Administration Fee totaling $40,000 is fair, reasonable and adequate under the circumstances;

11. The Court finds that an allocation of $2,500 as a premium to class representative Poppy Chrisman is fair, reasonable and adequate under the circumstances. The Court further finds that an allocation of $2,500 to such of Individual Counsel's plaintiffs in such proportion as Individual Counsel believes that they have provided assistance to the cases is fair, reasonable and adequate under the circumstances;

12. The Administrator shall distribute the Settlement Fund in accordance with the Settlement Stipulation, including the Allocation Order [Doc. 176];

13. The Nolan Lawsuit and the Nolan Claims are dismissed with prejudice and without attorneys' fees or costs except as set forth in this Order and the Settlement Stipulation;

14. The Settlement Stipulation constitutes an enforceable consent judgment under the FLSA;

15. The Parties are hereby permanently enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims as set forth in Article 11 of the Settlement Stipulation;

16. The Court shall retain jurisdiction over the Parties to the Settlement Stipulation only for the purpose of (a) supervising the implementation, enforcement, construction and interpretation of the Settlement Stipulation, (b) supervising the administration and distribution of the Settlement Fund, and (c) resolving any disputes that may arise with respect to any of the foregoing; and

17. This Order is a Final Judgment and immediately appealable.

SO ORDERED.

_____
United States District Court Judge

Dated: June 27, 2011